**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arnold Scott Rudder, | No. CV-19-05121-PHX-SPL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Arnold Scott Rudder's Application for Supplemental Security Income by the Social Security Administration under the Social Security Act (the "Act"). Plaintiff filed a Complaint (Doc. 1) seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 17, "Pl. Br."), Defendant Social Security Administration Commissioner's Response (Doc. 22, "Def. Br."), and Plaintiff's Reply (Doc. 25, "Reply"). The Court has reviewed the Administrative Record (Doc. 11, "R.") and now reverses the Administrative Law Judge's ("ALJ") decision.

**I.     BACKGROUND**

Plaintiff filed his Application on July 28, 2015, alleging a period of disability beginning April 20, 2009. (R. at 16.) Plaintiff's claim was denied initially and on reconsideration. (R. at 16.) On August 23, 2016, Plaintiff appeared and testified at a hearing before the ALJ. (R. at 16.) On September 5, 2018, the ALJ denied Plaintiff's claim. (R. at

13–33.) That decision became final on July 8, 2019, when the Appeals Council denied Plaintiff's request for review. (R. at 3–9.) The present appeal followed.

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent evidence will be discussed in addressing the issues raised by the parties. In short, upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: hypothyroidism, non-ST-elevation myocardial infarction, status post coronary artery bypass grafting, and personality and depressive disorder. (R. at 20.) The ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (R. at 20.) The ALJ also determined that since April 25, 2015, Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) with some exceptions, including: sitting, standing, or walking for six hours in an eight-hour workday; occasionally climbing, stooping, kneeling, crouching, and crawling; frequently balancing; avoiding concentrated exposure to extreme cold or extreme heat; and performing simple, unskilled work. (R. at 23.) Based on this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work as a store laborer, but could perform jobs that exist in significant numbers in the national economy. (R. at 27.)

## II.   LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the

record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## III.    ANALYSIS

Plaintiff raises four arguments for the Court's consideration: (1) the ALJ failed to acknowledge certain conditions as medically determinable impairments and/or severe impairments; (2) the ALJ improperly rejected Plaintiff's symptom testimony; (3) the ALJ improperly evaluated the state agency physicians' opinions; and (4) the ALJ failed to consider all of Plaintiff's mental impairments when calculating his RFC.[1] (Pl. Br. at 1–2.)

Defendant concedes that the ALJ committed reversible error by failing to provide a legally sufficient reason for rejecting Plaintiff's symptom testimony, but argues that remand for further proceedings is appropriate. (Def. Br. at 4–5.) Plaintiff argues that remand for computation of benefits is appropriate because his symptom testimony, if credited as true, establishes that he is precluded from sustained work activity. The Court finds that further proceedings are necessary to determine whether Plaintiff is, in fact, disabled, and therefore remands Plaintiff's claim.

The credit-as-true rule, which would result in a remand for payment of benefits, applies if three elements are present. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). First, the record must be fully developed such that further administrative proceedings would not be useful. *Id.* Second, the ALJ must have failed to provide legally sufficient reasons for rejecting evidence. *Id.* Third, "if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id.* Even if all three elements are met, the Court maintains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.*

---

[1] Because the ALJ committed reversible error by improperly rejecting Plaintiff's symptom testimony, Plaintiff's remaining arguments are superfluous and the Court will not address them.

In this case, the ordinary remand rule applies. The Court finds that additional proceedings would be useful to resolve outstanding evidentiary conflicts and to further develop the record. Plaintiff's testimony conflicts with the medical opinions of record, including those of state agency consultants Terry Ostrowski, M.D., and Jeffrey Wheeler, M.D., whose opinions the ALJ gave great and partial weight, respectively. (R. at 25–26.) This conflict prevents the Court from crediting Plaintiff's testimony as true. *See Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("If . . . outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings."). Further proceedings would also be useful to obtain additional opinion evidence regarding Plaintiff's limitations. The present record contains no opinions from a treating physician and no opinions from a consultative physician about Plaintiff's physical limitations. Either opinion could aid the ALJ in evaluating Plaintiff's functional limitations. On remand, the ALJ should order a consultative examination and Plaintiff should consider obtaining an opinion from one of his treating physicians.

Finally, even if all three elements of the credit-as-true rule were met, the absence of a medical opinion that Plaintiff's limitations are consistent with disability creates serious doubt that Plaintiff is, in fact, disabled. In Social Security cases, "the required analysis centers on what the record shows about the existence or non-existence of a disability." *Garrison*, 759 F.3d at 1021.

Because the Court finds that additional proceedings would be useful and the record creates serious doubt as to whether Plaintiff is, in fact, disabled, the Court declines to apply the credit-as-true rule and instead remands Plaintiff's claim for further proceedings.

**IT IS THEREFORE ORDERED** reversing the September 5, 2018 decision of the Administrative Law Judge (R. at 13–33).

**IT IS FURTHER ORDERED** remanding this case to the Social Security Administration for further proceedings consistent with this Order.

///

///

1  **IT IS FURTHER ORDERED** directing the Clerk to enter final judgment
2  consistent with this Order and close the case.
3  Dated this 17th day of July, 2020.

*[Signature]*
Honorable Steven P. Logan
United States District Judge