**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arnold Scott Rudder,<br><br>           Plaintiff,<br>vs.<br><br>Commissioner of Social Security Administration,<br><br>           Defendant. | No. CV-19-05121-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiff Arnold Scott Rudder's Motion for Award of Attorneys' Fees under the Equal Access to Justice Act ("EAJA"). 28 USC § 2412. (Doc. 28) Plaintiff requests attorneys' fees in the amount of $9,315.60. (Doc. 32 at 7) The Motion is fully briefed and ready for review. (Docs. 28, 29, 30, 32) For the reasons set forth below, the Motion is granted as modified.

## I.    BACKGROUND

On July 17, 2020, the Court reversed the decision of the administrative law judge ("ALJ") and remanded Plaintiff's case to the agency for further proceedings. (Doc. 26) This makes Plaintiff a prevailing party for purposes of the EAJA. Plaintiff now seeks attorneys' fees for work completed for the social security appeal over the course of a year. (Doc. 29-2 at 2-3)

## II.    LEGAL STANDARD

The EAJA mandates that courts award fees and costs to the prevailing party other than the United States. 28 USC § 2412(d)(1)(A). The fees must be reasonable and "shall

not be awarded in excess of $125 per hour unless the court determines an increase in the cost of living …. justifies a higher fee." 28 USC § 2412(d)(2)(A).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 433 (1983). This calculation is known as the "lodestar method" and it provides an objective basis on which to make an initial estimate of the value of an attorney's services. *Id.* The party requesting the fees must submit evidence supporting the reasonableness of the hours worked and the rates claimed. *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.*

### III. DISCUSSION

Here, as stated, Plaintiff is a prevailing party for purposes of the EAJA. *See supra* I. Courts must grant attorneys' fees under the EAJA, but the party seeking fees must, in addition to submitting an itemized statement of the actual time expended and hourly rates from its attorney, must also allege that the position of the United States was not "substantially justified." 28 USC § 2412(d)(1)(B). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record." *Id.*

Plaintiff submits a memorandum in support of his motion for fees, including the fee agreement, attorney time and task records, and the affidavit of Plaintiff's counsel Mark Caldwell. (Docs. 29, 29-1, 29-2, 29-3) Mr. Caldwell and another attorney, Ms. Robin Larkin spent a total of 42.6 hours on the case, over a period of a little more than a year. (Doc. 29-2 at 3, Doc. 32 at 7) Mr. Caldwell calculated the hourly rate adjusted for cost of living based on the $125 rate prescribed in the statute. (Doc. 29 at 5–6) The hourly rate for 2019 was $205.25 and the hourly rate for 2020 was $206.77. (Doc. 29-2 at 3)

Plaintiff alleges that the position of the government was not substantially justified because it was the government that moved for remand for further proceedings in this case. (Doc. 29 at 5) Plaintiff "assumes" the government conceded lack of substantial justification in doing so. (Doc. 29 at 5) Defendant does not contest this argument, though it asserts that

Plaintiff is not entitled to the fees requested for the work his attorneys completed on the opposition to the government's countermotion for remand, which was $1,240.62 for six hours of work. (Doc. 30 at 2) Defendant argues that Plaintiff is not entitled to fees for work done on an opposition to a countermotion to remand in which he took an unreasonable position, and that Plaintiff could not have reasonably expected his opposition to succeed. (Doc. 30 at 4–7) Defendant further argues that the opposition was unreasonable because Plaintiff ignored the most pertinent issue and misstated law and facts. (Doc. 30 at 6–7) Defendant also states that Plaintiff did not, in the initial motion for fees, ever argue that the fees were reasonable. (Doc. 30 at 4)

Plaintiff disagrees. (Doc. 32) Mr. Caldwell contends that the government is "engaged in a campaign" to systematically reduce his EAJA awards. (Doc. 32 at 1–2) He further asserts that Plaintiff's position in opposition to the countermotion to remand was not unreasonable and that the Court may have relied on it in making its decision to remand for further proceedings. (Doc. 32 at 4–6)

It is up to the court to determine whether fees are reasonable, using the lodestar calculation. The "lodestar" calculation tells courts to multiply the number of hours reasonably spent by the reasonable hourly rate. *Hensley*, 461 U.S. at 433. Here the hourly rate is not contested and appears reasonable, so the Court will not question it. However, in the Ninth Circuit, there are several factors that a district court may use when determining the reasonableness of an attorneys' fees request. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (abrogated on other grounds). Such factors include: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Id.* (internal quotations and

citation omitted). Here, the hours expended do seem excessive in light of Mr. Caldwell's extensive experience with these matters. It is also clear to the Court, after having read many of Mr. Caldwell's filings, many of his arguments are copy-pasted from previous motions and briefs, including those in the Motion for Fees and the Reply. (Docs. 29, 32) EAJA awards may be reduced when there is a substantial amount of boilerplate language in the briefings, even when there are fact-specific sections. *Phillips v. Colvin*, No. ED CV 14-0935-DFM, 2016 WL 2758250, at *6 (C.D. Cal. May 12, 2016) citing *Feeney v. Colvin*, No. 12-2769, 2014 WL 3966379, at *3 (E.D. Cal. Aug. 13, 2014) (reducing number of hours plaintiff's counsel spent preparing lay witness argument, "which amounted to no more than 2.5 pages, including only a one [ ]paragraph summary of facts, two paragraphs of law, and one paragraph of analysis" by half and reducing hours spent on EAJA fees motion by three hours because "it is almost entirely boilerplate but for short, specific sections"); *Fouissi v. Astrue*, No. 07-0445, 2008 WL 2018344, at *3 (E.D. Cal. May 6, 2008) (reducing number of hours spent researching and drafting EAJA fees motion by 9 hours where motion and supporting documentation contained mainly boilerplate-type language, with some customization); *Brandt v. Astrue*, No. 08-0657, 2009 WL 1727472, at *4 (D. Or. June 16, 2009) (reducing block-billed hours by fifty percent based on substantial amount of boilerplate language in motions and pleadings, complexity of issues, counsel's experience, and plaintiff's failure to meet burden of showing hours were reasonably necessary). For both the above reasons, the billing entries in which Mr. Caldwell or Ms. Larkin spent time "drafting," "editing," or "setting up" will be reduced by 10 percent, including the time spent preparing the reply brief. (Docs. 29-2 at 2–3, 32 at 7)

Furthermore, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. The task from April 17, 2020 that reads "Court order, Defendant response brief due May 6, 2020." will be cut in its entirety because it is not clear to the Court what the attorneys were doing, particularly because there is a later task that included reviewing the Court order. (Doc. 29-2 at 3)

Finally, as to the reasonableness of Plaintiff's position in the opposition to

Defendant's countermotion to remand, the Court will follow the lead of the Court in *Merrill-Russell v. Commissioner of Social Security Administration*, No. CV-19-00331-PHX-JJT (D. Ariz. May 5, 2020). There, the Court reduced the fees for time spent unsuccessfully opposing the government's motion to remand because some of the arguments were unreasonable, but did not cut the fees entirely because the Court was unable to separate the time spent working on the unreasonable arguments from those with some merit. No. CV-19-00331-PHX-JJT (Doc 27 at 2, filed May 5, 2020). Here, the Court agrees with Defendant that the manner in which Plaintiff ignored certain arguments in favor of going after the law cited by Defendant was unreasonable, however, it cannot separate the time spent on that from the time spent on the arguments with some merit. Therefore, the Court will not cut the six hours in their entirety but instead will reduce the time by half, as it did in *Merrill-Russell*. No. CV-19-00331-PHX-JJT (Doc 27 at 2, filed May 5, 2020). These entries also contain "drafting" in their description, so after the Court reduces them by half it will also deduct another 10 percent from that total based on the previous decision to reduce tasks with "drafting," "editing," and "setting up" by 10 percent.

The reductions in time result in a total deduction of $1,064.63.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Submit Application for Fees and Costs is **granted as modified**: Plaintiff is awarded $8,250.97 in reasonable attorneys' fees under 28 U.S.C. § 2412(d).

///
///
///
///
///
///
///
///

**IT IS FURTHER ORDERED** that if, after receiving this Order, the Commissioner of Social Security Administration determines upon effectuation of the Court's Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

Dated this 23rd day of November, 2020.

_____
Honorable Steven P. Logan
United States District Judge